

**U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**

**The following constitutes the order of the Court.**

**Signed February 15, 2006**                              **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
IN RE:                        §
                              §
JAMES RANDELL HUGHES,         §   CASE NO. 05-82316-RCM-7
                              §
    D E B T O R (S).          §
```

**MEMORANDUM DECISION**

On February 1, 2006, came on to be heard the motion of Sobranes Recovery Pool I, LLC's ("SRPI") motion to disallow amendment of schedules by James Randell Hughes (the "debtor") and various responses of the debtor. This is a core proceeding under 28 U.S.C. § 1334 and § 157(b)(2)(A), (B). Following are the court's findings of fact and conclusions of law under Bankruptcy Rules 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law and vice versa.

The debtor filed his voluntary petition for Chapter 7 bankruptcy on or about October 5, 2005. On or about October 6, 2005, the Notice of Chapter 7 Bankruptcy Case, Meeting of

Creditors, and Deadlines was issued, setting the date for the § 341 meeting of creditors for November 29, 2005. The number of days between the date the debtor filed his voluntary petition and the scheduled date for the § 341 meeting of creditors was fifty-five (55) days. The § 341 meeting of creditors took place as scheduled on November 29, 2005.

At the § 341 meeting on November 29, 2005, Mr. Frazier, the attorney for the debtor represented to the trustee, James Cunningham, and to the creditors present, including SRPI, that the debtor had in fact filed the "amendments" to his schedules "electronically" with this court prior to the § 341 meeting of creditors. *See* § 341 Meeting Transcript at 1-4, 6. The attorney for the debtor allowed the trustee to examine the alleged "amended" schedules at the § 341 meeting. *See id.* at 2-3.

Additionally, the attorney for the debtor affirmatively represented at the § 341 meeting that "if [the amendments] weren't [filed] I'll make sure that they are." *See id.* at 2. The amendments to the schedules and amended statement of financial affairs were not filed until January 12, 2006. This was ninety-nine (99) days after the debtor's original schedules were filed and forty-four (44) days after the § 341 meeting of creditors. There was some indication in Mr. Frazier's pleadings (Motion to Strike at 3) that some cause for his delaying the amendments was due to an injury he suffered.

Generally, a court may not deny a debtor's request to amend schedules in a voluntary case unless the creditor demonstrates bad faith on the part of the debtor or prejudice to creditors. *In re Sandoval*, 103 F.3d 20, 22 (5th Cir. 1997). There was insufficient credible proof of the debtor's bad faith or prejudice to SRPI.

Mr. Frazier, the debtor's attorney, thought that when he went to the § 341 meeting of creditors, the amended schedules had been filed. This was incorrect. However, at the § 341 meeting, he showed the alleged amendments to the trustee.

On December 6, 2005, the attorneys for SRPI sent a demand letter (Ex. 2) to Mr. Frazier asking for a complete set of the debtor's amended schedules, which were not fully amended and filed until January 12, 2006.

The debtor filed a motion to strike the motion of SRPI to disallow amendment of schedules, claiming that SRPI is not a creditor of the debtor because of a September 29, 2005 recommendation to the district court by Magistrate Judge Paul Stickney that SRPI's judgment claim was a dormant judgment, and further because SRPI did not file a proof of claim in the debtor's bankruptcy. Neither contention of the debtor is valid. The time for filing proofs of claim in the debtor's bankruptcy has not expired because creditors have been advised that this is a no-asset estate. Further, the district court has not yet

adopted the recommendation of the magistrate about the dormancy of SRPI's judgment claim against the debtor.

On February 1, 2006, the debtor's attorney agreed to grant SRPI and other creditors a ninety (90) day period to object to the debtor's amended exemptions.

The motion to disallow the amended schedules and exemptions is overruled. There was insufficient credible proof of the debtor's bad faith or prejudice to SRPI or its counsel by the amended exemptions.

While the debtor's attorney's conduct in his handling of the exemption amendments is not condoned, it does appear that at the § 341 meeting he thought the amendments had been filed and showed same to the trustee. Further, the property in question had been initially listed in the debtor's schedules but not exempted. The breakdown in Mr. Frazier's office should not be visited on the debtor.[1] There is no showing that such breakdown was caused by the debtor. Due to the debtor's delay in claiming exemptions, objections thereto could be filed at any time by SRPI. *See In re Montanaro*, 307 B.R. 194, 196-97 (Bankr. E.D. Cal. 2004).

Judgment will be entered in accordance with the foregoing opinion.

###END OF ORDER###

---

[1] Mr. Frazier refused to respond to timely requests by SRPI for information. (SRPI ex. 2.)